UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

RICKY J. NICHOLOPOULOS,

                              Petitioner,

                                                      **Hon. Hugh B. Scott**

                    v.                                03CV254

                                                      **Report
                                                      &
SUPERINTENDENT, ELMIRA                                Recommendation**
CORRECTIONAL FACILITY,[1]

                    Respondent.


        This matter has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B)

(Docket No. 10, Mar. 2, 2004).  Petitioner has filed an application to this Court for habeas corpus

relief pursuant to 28 U.S.C. § 2254 challenging his state court conviction.   Petitioner asserts the

following grounds in support of his petition: sentence was excessive; violation of due process

and fair trial rights; and ineffective assistance of trial counsel.  (Docket No. 1, Pet.)

                                    **BACKGROUND**

        Petitioner was arrested in August 1997 for selling three ounces of cocaine to an

undercover informant.  Petitioner was indicted by a grand jury in Erie County and prosecuted by

the New York State Attorney General's Organized Crime Task Force.  Petitioner was tried before

a jury in Erie County Court (Hon. Mario Rossetti, J.).

---

        [1]The Court ordered that the caption be amended to substitute the superintendent for the
named respondent, the State of New York.  Docket No. 4.

Prior to trial, petitioner (with defense counsel and the prosecutor) executed a Waiver of Objection to Justice Rossetti remaining as the trial justice.  The waiver stated

> "Pursuant to Canon 3, Paragraph C of the Code of Judicial Conduct of the State of New York, I Ricky J. Nichopoulos, Defendant under Indictment No. 97-1856-SAG do hereby acknowledge that I have been advised that the presiding Justice herein, Honorable Mario J. Rossetti, has a son employed as an attorney in the New York State Attorney General's Office in Albany, New York.  I further hereby agree that such relationship is immaterial to the issues presented herein and I waive any objection to the Honorable Mario J. Rossetti presiding over this proceeding.  I so agree after consultation with my attorney David Gerald Jay, and with full understanding of the rights and privileges which I waive herewith."

(Docket No. 7, Ex. E, Waiver of Objection, July 29, 1998 (emphasis in original removed).)  Justice Rossetti approved the waiver.  (Id.)

Petitioner was convicted of three counts of criminal possession of a controlled substance and one count of criminal possession of a weapon, in March 1999, and was sentenced to twenty-five years to life in prison for the criminal possession of a controlled substance in the first degree count, and lesser concurrent sentences for the other counts.

He appealed his sentence and conviction.  Petitioner's appellate counsel raised four issues, all of which he now raises in this Petition.  Petitioner pro se raised a fifth issue of the ineffectiveness of trial counsel (also raised in this Petition).  Petitioner argued that trial counsel induced petitioner to waive a possible objection to the trial judge since the judge's son was an Assistant Attorney General in the same office with the investigators from the Attorney General's

Organized Crime Task Force that prosecuted petitioner.  The New York State Appellate

Division, Fourth Department, affirmed the conviction.  People v. Nicholopoulos, 289 A.D.2d

1057, 735 N.Y.S.2d 462 (4th Dep't 2001).  The New York State Court of Appeals denied leave

to appeal.  People v. Nicholopoulos, 97 N.Y.2d 758, 742 N.Y.S.2d 619 (2002).  Petitioner did

not file any post-conviction motions (Docket No. 1, Pet. ¶ 9).

*Habeas Petition*

         Represented by still another counsel, petitioner filed this Habeas Corpus Petition (Docket

No. 1), arguing that his sentence should be vacated because it is grossly disproportionate to the

offense and constitutes cruel and unusual punishment; that he did not receive a fair trial because

the jury was not given a supplemental instruction on the meaning of "exchange" in one portion of

the jury instructions; that the trial court admitted improper evidence including hearsay and

evidence of uncharged prior criminal conduct; and that petitioner was rendered ineffective

assistance of counsel by trial counsel.  (Docket No. 1.)

         Petitioner's counsel, an attorney admitted in Kentucky (with his office in Cincinnati,

Ohio), was admitted to practice pro hac vice in this proceeding (Docket No. 4; see Docket No. 3).

Respondent filed an affidavit, with the state court record, in opposition to the Petition (Docket

No. 7, see also Docket No. 6, Resp't Memo. of Law).  Petitioner's counsel filed a supporting

Memorandum of Law (Docket No. 2) and a Reply Memorandum of Law (Docket No. 9).

Petitioner pro se then filed a letter with attached exhibits on March 23, 2004 (Docket No. 11),

which he copied his counsel.[2]

_____

         [2]This filing may constitute hybrid representation, where petitioner has counsel and also
attempts to proceed pro se on his own behalf.  Cf. 28 U.S.C. § 1654 (parties may plead and
conduct their own cases personally or by counsel).  A litigant does not have the right to such

**DISCUSSION**

I.    Exhaustion

In the interest of comity and in keeping with the requirements of 28 U.S.C. § 2254(b), federal courts will not consider a constitutional challenge that has not first been "fairly presented" to the state courts.  See Ayala v. Speckard, 89 F.3d 91, 94 (2d Cir. 1996), citing Picard v. Connor, 404 U.S. 270, 275 (1971); Daye v. Attorney General of New York, 696 F.2d 186, 191 (2d Cir. 1982) (in banc), cert. denied, 464 U.S. 1048 (1984).  A state prisoner seeking federal habeas corpus review of his conviction must first exhaust his available state remedies with respect to the issues raised in the federal habeas petition.  Rose v. Lundy, 455 U.S. 509 (1982).  However, under 28 U.S.C. § 2254(b)(2), where appropriate the Court may deny the relief requested in the petition upon a review of the merits notwithstanding the failure of the applicant to exhaust state court remedies.

Respondent argues that some of petitioner's claims were not exhausted (Docket No. 6, Resp't Memo. at 10-12 (Eighth Amendment violation), 29 (ineffective assistance of counsel)). Further, petitioner did not file post-conviction motions in state court.  In any event, review of the claims asserted in the petition is appropriate under § 2254(b)(2).

II.   Standard of Review

State court findings of "historical" facts, and inferences drawn from those facts, are entitled to a presumption of correctness. Matusiak v. Kelly, 786 F.2d 536, 543 (2d Cir.), cert.

---

hybrid representation.  Lee v. Alabama, 406 F.2d 466, 469 (5th Cir. 1968) (habeas corpus), cert. denied, 395 U.S. 927 (1969); United States v. Foster, 9 F.R.D. 367, 372, 371 (S.D.N.Y. 1949) (court denied application to proceed pro se to argue summation made by retained counsel for client).

denied, 479 U.S. 805 (1986). (See also 28 U.S.C. § 2254(e)(1), which states that "a

determination of a factual issue made by a State court shall be presumed to be correct.")

     As amended by the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L.

No. 104-132, 110 Stat. 1214 ("AEDPA"), 28 U.S.C. § 2254(d) provides that a habeas corpus

petition may not be granted with respect to any claim that was adjudicated on the merits in state

court unless the state court's adjudication of that claim:

> (1)    resulted in a decision that was contrary to, or involved an
> unreasonable application of, clearly established Federal
> law, as determined by the Supreme Court of the United
> States; or
>
> (2)    resulted in a decision that was based on an unreasonable
> determination of the facts in light of the evidence presented
> in the State court proceeding.

     The habeas corpus petitioner shall have the burden of rebutting the presumption of

correctness by clear and convincing evidence. The presumption of correctness attaches to

findings both by state trial courts and by state appellate courts. Smith v. Sullivan, 1 F. Supp. 2d

206, 210-11 (W.D.N.Y. 1998) (Larimer, Ch.J.); Nevius v. Sumner, 852 F.2d 463, 469 (9th Cir.

1988), cert. denied, 490 U.S. 1059 (1989).  As noted by then-Chief Judge Larimer in Smith, "the

new version of § 2254(d) has clearly raised the bar for habeas petitioners, placing on them the

burden to show by clear and convincing evidence that the state court's decision was defective in

some way." Smith, supra, 1 F. Supp. 2d at 211.

III.    Failure to Preserve for Habeas Corpus Review

     Petitioner here has failed to preserve some of his arguments for habeas corpus review.

Federal habeas review is barred when a state court expressly relied on a procedural default as an

independent and adequate state ground.  See Harris v. Reed, 489 U.S. 255 (1989); Wainwright v. Sykes, 433 U.S. 72 (1977).  "A federal court is generally precluded from reviewing any claim included within the habeas petition for which a 'state court rests its judgment on an adequate and independent state ground, including a state procedural bar.'" Bacchi v. Senkowski, 884 F. Supp. 724, 730 (E.D.N.Y.1995) (quoting Reid v. Senkowski, 961 F.2d 374, 377 (2d Cir. 1992) (per curiam)).  A state procedural bar arises through a failure to make a timely appeal, or through a failure to preserve a claim of appeal through contemporaneous objection.  Reid, supra, 961 F.2d at 377.  Failure to comply with a state's contemporaneous objection rule bars subsequent federal habeas corpus review unless petitioner is able to demonstrate both cause for the procedural default and actual prejudice attributable thereto.  Sykes, supra, 433 U.S. at 81-91 (1977); Washington v. LeFerve, 637 F. Supp. 1175, 1177 (E.D.N.Y.1986).  "In order to demonstrate cause for his procedural fault, petitioner would have to show that 'some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule.'" Washington, supra, 637 F. Supp. at 1177 (quoting Murray v. Carrier, 477 U.S. 478, 488 (1986)).

Here, the Appellate Division found that three of petitioner's claims, the unobjected to hearsay, admission of petitioner's prior criminal conduct, and the lack of supplemental instruction, were not preserved for its review.  Petitioner denies that the Appellate Division made a "plain statement" of a procedural rule barring consideration of the issues (Docket No. 9, Pet'r Reply Memo. at 3-4).  But the Appellate Division expressly found that petitioner did not preserve these issues for its review, , see N.Y. Crim. Proc. Law § 470.05(2).  The Appellate Division did not rest its decision on federal law grounds or alternatively reached the merits of petitioner's contentions to create any possible ambiguity.  Petitioner did not file a post-conviction motion to

even attempt to revive these issues.  This differs from the facts in <u>Harris v. Reid</u>, <u>supra</u>, 489 U.S. at 257-60, 266, where the Court found that the Illinois state court noted that petitioner  waived his claims and then reached the merits of those claims.  Petitioner has not shown cause for procedural default or actual prejudice.  A fourth claim, the failure to charge lesser included offenses, was disposed of by the Appellate Division on the adequate state and independent state law ground, that there was sufficient evidence to sustain a conviction on the more serious charge.  Thus, this Court lacks jurisdiction to review these claims and the Petition should be **dismissed** as to these grounds.

IV.     Merits of Petitioner's Remaining Claims

As for the remaining claims, petitioner alleges that his sentence violates the Eighth Amendment's bar against cruel and unusual punishment, since it is disproportionate to the offense charged.  He also claims ineffective assistance of trial counsel in inducing him to waive the possible disqualification of the trial judge.  He raises for the first time here a claim of ineffective assistance by trial counsel's failure to object on one ground when he had objected on another.

    A.     Excessive Sentence

Petitioner's first argument is that the sentence was "grossly disproportionate to his crimes" that of "non-violent possession of contraband."  (Docket No. 2, Pet'r Memo. of Law at 2.)  For the most serious offense, petitioner was sentenced to twenty-five years to life for criminal possession of controlled substance, N.Y. Penal Law § 220.43(1) (sale of narcotic weighing more than two ounces, class A-I felony), with the other counts to be served concurrently with the longer term.  Respondent argues that, given his conviction for the other criminal possession

7

offenses, petitioner could have faced a <u>consecutive</u> sentence far longer than the 25 years to life

term of concurrent sentences imposed (Docket No. 6, Resp't Memo. at 14), and further, the

sentence was warranted due to petitioner's prior felony convictions (<u>id.</u>; Docket No. 7, Aff. Ex.

C, Resp't State Appellate Br. at 18-19).

      This sentence is within the range prescribed by state law, <u>see</u> <u>White v. Keane</u>, 969 F.2d

1381, 1383 (2d Cir. 1992) (per curiam); N.Y. Penal L. §§ 60.05(2), 70.00(1), (2)(a), (3)(a)(I)

(indeterminate sentence for class A-I felony, maximum life, minimum term fifteen years), and

raises no constitutional issue.  A sentence within the range set by the State Legislature does not

create a constitutional violation.  <u>White</u>, <u>supra</u>, 969 F.2d at 1383.  The state court's decision to

decline exercising that discretion was not contrary to clearly established federal law or involved

an unreasonable application of clearly established federal law.  <u>See</u> 28 U.S.C. § 2254(d)(1).

      Petitioner, however, is making a facial challenge to the State Legislature's determination

that criminal possession of controlled substance should be a class A-I felony, that the "non-

violent" possession of three ounces of "contraband" does not justify twenty-five years or more in

prison, arguing that such a sentence is disproportionate to the offense involved.  (<u>See, e.g.</u>,

Docket No. 2, Pet'r Memo. of Law at 1.)  He notes, correctly, that legislative determinations of

the punishments for crimes warrant habeas review only in rare cases (Docket No. 9, Pet'r Reply

Memo. at 3, citing <u>United States v. Gonzalez</u>, 922 F.2d 1044, 1053 (2d Cir.), <u>cert. denied</u>,

502 U.S. 1014 (1991)).  But petitioner does not show how this sentence is grossly

disproportionate to the offense charge to make it one of the "rare" instances where a federal court

would substitute its judgment for that of the State Legislature.  Petitioner then makes the singular

and remarkable argument that

"the fact that the sentence may or may not fall within the range set by the state

legislature will not shield if from review by this court.  After all, the statute is a

state law, and this is federal court.  The state courts may be powerless to review

the cruel and unusual nature of Nicholopoulos's sentence, but this court certainly

is not, as the principles of federalism dictate otherwise."

(Docket No. 9, Pet'r Reply at 3.)  This contention, made without citation to authority, is flawed

for several reasons.  First, petitioner's position would have this Court reject Second Circuit

precedent that a sentence within the legislative range does not raise a federal constitutional issue,

see White, supra, 969 F.2d at 1383; see also Gonzalez, supra, 922 F.2d at 1053 (holding that

there was no proportionality claim in that case).  The case petitioner cites, Gonzalez, while

discussing the Supreme Court precedent and announced that those cases "instruct that only in a

rare case should a court engage in reviewing disproportionality of sentences because the

legislature's line drawing--when it fixes terms for imprisonment--is primary and presumptively

valid," 922 F.2d at 1053.  The court in Gonzalez held that the sentence of life without parole to

the defendant drug dealer and killer, even if it was a first time offense, was not constitutionally

disproportionate.  Id. (citing United States v. Aiello, 864 F.2d 257, 265 (2d Cir. 1988) (no abuse

of discretion in sentence of life without parole for defendant who was a large supplier of drugs)).

Second, the state courts under both the federal Constitution and the New York State Constitution,

N.Y. Const. art. I, § 5, are empowered to address whether a particular sentence was cruel and

unusual.  Federal habeas jurisdiction, as outlined above, is limited, in part in recognition of

federalism, comity, and acknowledging the competence of state courts to uphold state law as well

as the federal Constitution.

9

Thus, the Petition should be **denied** as to this claim.

B.       Ineffective Assistance of Counsel

1.       Induced Waiver of Objection

Petitioner argues that he received ineffective assistance when trial counsel advised him to execute the waiver of an objection to Justice Rossetti continuing with the case.  Respondent contends that petitioner did not exhaust this particular argument petitioner now makes in state courts (Docket No. 6, Resp't Memo. at 29-30) and petitioner concedes that this particular claim was not appealed to the highest state court (Docket No. 9, Reply Memo. at 6).  On this basis alone, this claim should be denied.  Petitioner argues (again without citation), however, that the error was so egregious that this Court should review it to avoid a miscarriage of justice.

Petitioner's claim of ineffective assistance must be analyzed according to the standards set forth by the Supreme Court in Strickland v. Washington, 466 U.S. 668 (1984).  In Strickland, the Court stated that the test for an ineffective-assistance claim in a habeas corpus case is whether the petitioner received "reasonably competent assistance." Id. at 688.  In deciding this question, the court must apply an objective standard of reasonableness. Id.  Generally, defense counsel are "strongly presumed to have rendered adequate assistance." Id. at 690.  To succeed on such a claim, then, the petitioner must "overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" Id. at 689 (quoting Michel v. Louisiana, 350 U.S. 91, 101 (1955)).

If defense counsel's performance is found to have been defective, relief may only be granted where it is shown that the defense was actually prejudiced by counsel's errors. Id. at 692 (emphasis added).  Prejudice is established upon a showing that "there is a reasonable probability

10

that, but for counsel's unprofessional errors, the result of the proceeding would have been

different." Id. at 694.  The court determines the presence or absence of prejudice by considering

the totality of the trial evidence.  Id. at 695.

Here, petitioner objects to being "induced" to waive objections to a potential

disqualifying conflict of the trial judge.  Respondent argues that this argument was not exhausted

within the state judicial system (Docket No. 6, Resp't Memo. of Law at 30-31).  Petitioner now

argues that he did not understand what he was being asked to do in waiving that objection

(Docket No. 2, Pet'r Memo. at 18[3].)  But the record produced here shows that petitioner made a

knowing and voluntary waiver of this potential objection.  See Brady v. United States, 397 U.S.

742, 748 (1970).  Petitioner, advised by counsel, executed the Waiver of Objection and had a

colloquy with the trial court about the waiver where petitioner was asked if he had an objection

to this matter (Docket No. 7, Resp't Aff. Ex. E, Supp'al Record at 3).

Nevertheless, petitioner's contention wholly lacks merit.  Petitioner had a colloquy with

the state court concerning his signature of the waiver where he indicated that he reviewed the

matter with counsel and had no objection to signing the waiver and having Justice Rossetti

preside over his case.  (Docket No. 8, Resp't Memo. at 32; Docket No. 7, Resp't Aff. Ex. E,

Supp'al Record at 1-3.)  Most matters of judicial disqualification (the underpinning of

---

[3]The Habeas Petition, purportedly verified by petitioner (although the actual verification
is unsigned by petitioner with a notation that it was "to be supplemented," Docket No. 1, Pet. at
5, but such supplementation has yet to occur), did not allege this contention, alleging that his
attorney improperly urged the waiver "without an understanding of the consequences of the
waiver."  Docket No. 1, Pet. at 2.  Petitioner did not submit an affidavit or other documentary
evidence showing his lack of understanding.  All that is presented is counsel's assertion, without
citation to the record (or apparent creation within the record), of petitioner's lack of
understanding.

petitioner's present ineffective assistance of counsel claim) do not rise to a constitutional level, Aetna Life Ins. v. Lavoie, 475 U.S. 813, 820 (1986) (quotation omitted), so counsel inducing a client's waiver of a potential disqualification does not reach the objective standard of reasonableness.  Trial counsel rendered his best professional judgment that Justice Rossetti would be fair and advised petitioner to waive the possible disqualification objection (see Docket No. 7, Resp't Aff. Ex. D, Pet'r State Appellate pro se Supp'al Br. at 3).

2.      Failure of Trial Counsel to Object on Hearsay Grounds

Petitioner now alternatively argues that the trial counsel was ineffective for not objecting to introduction of hearsay evidence that he objected to under the best evidence rule (hence not preserving that issue for appeal).  (Docket No. 2, Pet'r Memo. at 15.)  In addition to not exhausting this claim in state courts (for example by raising it in a post-conviction motion), petitioner fails to establish the actual prejudice prong of this ineffective assistance claim since he fails to establish that the underlying claim would have prevailed.[4]  Thus, the ineffective assistance of counsel claims raised by petitioner should be **denied**.

## CONCLUSION

Based on the above, it is recommended that the Petition (Docket No. 1) be **DENIED**.

---

[4]As petitioner recognizes (Docket No. 2, Pet'r Memo. at 10-11), erroneous admission of evidence is cognizable as a basis for habeas relief only if the error is substantial and has an injurious effect on influencing the jury's verdict.  Brecht v. Abrahamson, 507 U.S. 619, 638 (1993).

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby ordered that this Report & Recommendation be filed with the Clerk of the Court and that the Clerk shall send a copy to the Report & Recommendation to all parties.

**ANY OBJECTIONS to this Report & Recommendation must be filed with the Clerk of this Court within ten (10) days after receipt of a copy of this Report & Recommendation in accordance with 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b) and W.D.N.Y. Local Civil Rule 72.3(a)(3).**

**FAILURE TO FILE OBJECTIONS TO THIS REPORT & RECOMMENDATION WITHIN THE SPECIFIED TIME OR TO REQUEST AN EXTENSION OF SUCH TIME WAIVES THE RIGHT TO APPEAL ANY SUBSEQUENT DISTRICT COURT'S ORDER ADOPTING THE RECOMMENDATIONS CONTAINED HEREIN.** Thomas v. Arn, 474 U.S. 140 (1985); F.D.I.C. v. Hillcrest Associates, 66 F.3d 566 (2d Cir. 1995); Wesolak v. Canadair Ltd., 838 F.2d 55 (2d Cir. 1988).

The District Court on de novo review will ordinarily refuse to consider arguments, case law and/or evidentiary material which could have been, but was not, presented to the Magistrate Judge in the first instance. See Patterson-Leitch Co. Inc. v. Massachusetts Municipal Wholesale Electric Co., 840 F.2d 985 (1st Cir. 1988).

Finally, the parties are reminded that, pursuant to W.D.N.Y. Local Civil Rule 72.3(a)(3), "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 72.3(a)(3) may result in the District Court's refusal to consider the objection.**

So Ordered.

                                                          s/HBS

                                           Hon. Hugh B. Scott
                              United States Magistrate Judge

Dated: Buffalo, New York
        February 14, 2005